```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ABDULLAH BROWN,<br><br>            Petitioner,<br><br>       v.<br><br>J.T. SHARTLE, et al.,<br><br>            Respondents. | HONORABLE JEROME B. SIMANDLE<br><br>     Civil Action<br>     No. 14-1801 (JBS)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE, Chief Judge:**

   Before the Court is Petitioner Abdullah Brown's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1).

   1.   Petitioner is a federal prisoner presently incarcerated at FCI Fairton, New Jersey.

   2.   He states in his petition that FCI Fairton has failed to provide a Sunni Muslim Imam to Petitioner and other Sunni Muslim inmates in violation of his First Amendment right of freedom of religion. (Docket Entry 1 at 2).

   3.   Petitioner requests this Court to investigate the failure of FCI Fairton to provide a Sunni Muslim Imam when it provides religious leaders for other religions and to order the institution to provide Petitioner and other members of his faith with an Imam. (Docket Entry 1 at 2-4).

4. On June 13, 2014, Petitioner requested leave to amend his Petition to add violations of the Religious Land Use and Institutionalized Persons Act of 2000, 42 U.S.C. §§ 2000cc-2000cc-5 ("RLUIPA"). (Docket Entry 2).

5. RLUIPA "prohibits a state or local government from taking any action that substantially burdens the religious exercise of an institutionalized person unless the government demonstrates that the action constitutes the least restrictive means of furthering a compelling governmental interest." *Holt v. Hobbs*, 135 S. Ct. 853, 859 (2015). RLUIPA does not apply to federal prisons. *See id.* at 859-60.

6. The Religious Freedom Restoration Act of 1993, 42 U.S.C. § 2000bb *et seq.*, ("RFRA"), however, does apply to federal prisons. *See Jama v. Esmor Corr. Servs. Inc.*, 577 F.3d 169, 172 n.4 (3d Cir. 2009) (citing *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 439 (2006)).

7. RFRA provides that a government "shall not substantially burden a person's exercise of religion" unless the government "demonstrates that application of the burden ... is in furtherance of a compelling governmental interest; and ... is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb–1. A person who is

2

burdened in violation of RFRA has a private right of action. 42 U.S.C. § 2000bb–1(c).

8.  Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). The relief Petitioner seeks is more appropriately brought before this Court in a civil rights complaint alleging deprivation of federal statutory rights under RFPA and RLUIPA.  Because this case alleges deprivation of a federal statutory right, it does not pertain to the execution of his sentence and may not go forward under § 2241.

9.  The Court therefore construes the Petition for Writ of Habeas Corpus as a civil rights complaint for violation of federal constitutional and statutory rights.

10. Petitioner seeks leave to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims within the federal civil rights jurisdiction of the court, 28 U.S.C. § 1343.  The Prison Litigation Reform Act of 1995 (the "Act"), which amends 28 U.S.C. § 1915, establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*.

11. Under the Act, a prisoner bringing a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets, which states that the prisoner is unable to pay

3

the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this statement from the appropriate official of each prison at which he was or is confined. *Id.*

12. The entire fee to be paid in advance of filing a civil complaint is $400. That fee includes a filing fee of $350 plus an administrative fee of $50, for a total of $400. A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 and will not be responsible for the $50 administrative fee. If *in forma pauperis* status is denied, the prisoner must pay the full $400, including the $350 filing fee and the $50 administrative fee, before the complaint will be filed.

13. If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the $350 filing fee as follows. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the $350.00 filing fee is paid, the agency having custody of the prisoner shall assess, deduct from the prisoner's account, and forward to the Clerk of the Court, payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

14. Petitioner may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).  If the Court dismisses the case for any of these reasons, the Act does not permit the prisoner to get his filing fee back.

15.  If the prisoner has, on three or more prior occasions while incarcerated, brought an action or appeal in a court that was dismissed on any of the grounds listed above, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

16.  In this action, the application to proceed *in forma pauperis* for the present matter is incomplete under 28 U.S.C. § 1915(a)(1), (2) because Petitioner did not submit a certified account statement for the six months preceding the submission of the complaint. Petitioner's application to proceed in forma pauperis shall be denied without prejudice, and the Clerk shall provide a blank application.

17.  Petitioner has also requested leave to amend his complaint, however he did not attach a copy of the proposed

5

amended complaint, L.Civ.R.7.1(f). (Docket Entry 2). Petitioner's motion shall therefore be denied without prejudice. The Clerk shall provide a blank civil rights complaint form. Petitioner may resubmit his motion to amend the complaint within 30 days, attaching a copy of the amended complaint thereto, and consistent with the requirements set forth herein.

    18.  Petitioner's Motion for Order to Show Cause shall be dismissed as moot. (Docket Entry 3).

| | |
|---|---|
| **May 21, 2015** | **s/ Jerome B. Simandle** |
| Date | JEROME B. SIMANDLE<br>Chief U.S. District Judge |